**Glenn BENNER, II, Petitioner–
Appellant,**

v.

**Ralph COYLE, Warden, Respondent–
Appellee.**

No. 99–3570.

United States Court of Appeals,
Sixth Circuit.

July 26, 2002.

BEFORE: SUHRHEINRICH, DAUGHTREY, and COLE, Circuit Judges.

Petitioner Glenn Benner moves this Court for a Certificate of Appealability on eight issues. First, Benner claims that the Ohio courts violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution by weighing an unconstitutionally vague aggravating circumstance. Second, he contends that the sentencing judges violated his rights under the Eighth and Fourteenth Amendments by weighing non-statutorily prescribed aggravating factors. Third, he maintains that he was deprived of his right to a unanimous determination of his guilt under the Due Process Clause by an alternative statement of the aggravating factors in the capital specifications of the indictment. Fourth, he argues that he was denied his right to the effective assistance of counsel under the Sixth Amendment when his defense counsel failed to present expert testimony from a criminalist to rebut the state's expert testimony relating to semen found in the body of one of the victims, Trina Bowser, and failed to call a pathologist to challenge the state coroner's testimony relating to a second murder victim, Cynthia Sedgwick. Fifth, he claims that he was denied his rights under the Fourth Amendment by searches and seizures of evidence at his residences that exceeded the scope of the authorizing warrant. Sixth, he maintains that he was denied his liberty interest under the Due Process Clause by the Ohio Supreme Court's refusal to review life sentences imposed in similar cases as part of the statutorily mandated proportionality review. Seventh, he contends that his rights under the Sixth and Fourteenth Amendments were infringed by the ineffective assistance of appellate counsel on his direct appeal. Eighth, Benner argues that application of the AEDPA to his case is impermissibly retroactive.

Under the AEDPA, an appeal from the denial of a writ of habeas corpus may not be taken unless a circuit justice or judge issues a certificate of appealability. A certificate of appealability may not issue un-

---

less "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We may also reject an issue for appeal if the procedural default doctrine applies. *See Slack v. McDaniel,* 529 U.S. 473, 483, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When the district court denies a habeas petition on procedural grounds alone, the certificate of appealability should nonetheless issue if the applicant "shows, at the least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

After reviewing these issues presented, we determine that Benner has "made a substantial showing of the denial of a constitutional right" only as to his Sixth Amendment ineffective assistance of counsel claim based on trial counsel's failure to call an expert witness to assess the blood and semen evidence. We therefore GRANT Benner's Motion for a Certificate of Appealability on issue four, and DENY it as to all other issues raised.

We have also determined that further briefing on this issue is unnecessary. The case is REMANDED to the district court for an evidentiary hearing on Petitioner's ineffective assistance of counsel claim solely as it relates to the failure to call a blood and semen expert to rebut the state's expert testimony regarding semen found in the body of Trina Bowser. The district court may appoint its own special master, if the district court determines such is necessary to aid in its fact finding. If the district court finds that Petitioner's showing on this issue is meritorious and warrants relief either from the sentence of death and/or the judgment of conviction, then the district court may issue a writ of habeas corpus. However, if the district court determines solely that Petitioner's

death sentence is unconstitutional, then it should grant the writ conditioned on the State's failure to initiate appropriate proceedings in state court within a reasonable time after the issuance of its mandate.

Therefore, the petition for rehearing en banc from appellee is DENIED.